[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Mark Sullen, appeals the judgment of the Hamilton County Municipal Court convicting him of theft in violation of R.C.2913.02, after a bench trial. For the following reasons, we affirm the trial court's judgment.
At trial, the state presented evidence that Sullen and Barry Flegeman were employees of a rent-to-own furniture store. In February 2001, they went to a customer's home to collect a rent payment. The customer testified that she had given Sullen and Flegeman money orders in the amount of $500, but the company records indicated that only $200 had been credited to her account. A store manager testified that Sullen had admitted to cashing the money order and giving Flegeman the remaining $300.
Sullen testified that he had entered the $200 amount on the customer's account because that was the amount that Flegeman had purportedly received. According to Sullen, he was not aware how much the customer's payment had been and did not realize that Flegeman had taken the $300 until Flegeman later confided in him about the discrepancy. Sullen stated that he had agreed not to tell store management about the theft if Flegeman would promise to repay the money to the store.
At the close of evidence, the trial court found Sullen guilty. In his two assignments of error, Sullen now contends that the trial court's judgment was based upon insufficient evidence and was contrary to the manifest weight of the evidence.
In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] To reverse a trial court's judgment on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
R.C. 2913.02, the theft statute, provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent * * *."
In the case at bar, the conviction was in accordance with the evidence. The state presented evidence that Sullen had taken the $300 and given it to Flegeman. Thus, a rational trier of fact could have found that the state had proven the elements of theft beyond a reasonable doubt. And while Sullen cites evidence that he did not appropriate the money and was not aware of the discrepancy until a later date, the trial court was not required to accept that version of the facts. We cannot say that the court lost its way in finding him guilty. Therefore, the assignments of error are overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Hildebrandt, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[2] State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541.